**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4096**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY THOMAS RHODES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00159-WO-1)

Submitted:  September 12, 2011          Decided:  September 14, 2011

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Charles H. Harp, II, CHARLES H. HARP, II, P.C., Lexington, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Thomas Rhodes appeals his 180 month sentence for being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). We find that Rhodes's 1999 North Carolina breaking and entering conviction was not punishable by a term exceeding one year; thus, Rhodes lacks the three predicate violent felony or serious drug convictions necessary to trigger the fifteen year mandatory minimum sentence prescribed by 18 U.S.C. § 924(e).

Under North Carolina's structured sentencing regime, Rhodes could not have received a custodial sentence of more than one year for his breaking and entering conviction given his criminal history. Therefore, this conviction does not qualify as a "violent felony" for purposes of 18 U.S.C. § 924(e)(2)(B). When the district court fixed his sentence, this argument was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, __ F.3d __, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc). Pursuant to the dictates of Simmons, we find merit in Rhodes's appeal.

Accordingly, the district court's judgment is affirmed as to the conviction, vacated as to the sentence, and the case is remanded for resentencing. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED